[832 NYS2d 449]

In the Matter of DAVID B. COHEN (Admitted as DAVID B.S. CO-HEN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 17, 2007

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Eddie Still* of counsel), for petitioner.

*John R. Horan,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent avers that he is tendering his resignation voluntarily and free from coercion and duress after reviewing the matter with his attorney. He expresses his full awareness of all of the implications of its submission.

The respondent acknowledges receipt of a petition from the Grievance Committee dated December 15, 2005, containing charges of serious professional misconduct. Pursuant to stipulations between his attorney and Grievance counsel, and subject to approval of the Court, it has been agreed that Charges 4, 10 and 15 through 25 of that petition shall be deemed withdrawn and/or dismissed by the Court.

The respondent further acknowledges his inability to successfully defend himself on the merits as to the remaining charges which allege, inter alia, failure to safeguard funds entrusted to him as a fiduciary, conduct prejudicial to the administration of justice, and violations of the disciplinary rules regarding his handling of his attorney escrow account.

The respondent is aware that the order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

In urging acceptance of the proffered resignation, Grievance counsel confirms the existence of the parties' stipulation to withdraw certain enumerated charges of the petition, subject to the Court's approval. The remaining charges, against which the respondent has acknowledged that he is unable to defend, involve allegations of serious professional misconduct.

Inasmuch as the respondent's resignation complies with all pertinent Court rules, it is accepted, and, effective immediately, David B. Cohen, admitted as David B.S. Cohen, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and GOLDSTEIN, JJ., concur.

Ordered that the resignation of David B. Cohen, admitted as David B.S. Cohen, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, David B. Cohen, admitted as David B.S. Cohen, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent David B. Cohen, admitted as David B.S. Cohen, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, David B. Cohen, admitted as David B.S. Cohen, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David B. Cohen, admitted as David B.S. Cohen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated June 21, 2006 is discontinued.